UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRITTANY CARNEVALI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>YARDLEY CAR COMPANY, a Florida corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Brittany Carnevali ("Carnevali" or "Plaintiff") brings this class action under the Telephone Consumer Protection Act against Defendant Yardley Car Company d/b/a Massey Yardley Chrysler Dodge Jeep Ram FIAT ("Massey Yardley" or "Defendant"), to stop its practice of making unauthorized pre-recorded voice message calls promoting its cars, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. This case challenges Defendant Massey Yardley's practice of making unauthorized pre-recorded voice message calls to consumers promoting Massey Yardley's cars.

2. Massey Yardley's unsolicited pre-recorded voice message calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the

use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Massey Yardley to cease making unsolicited pre-recorded voice message calls to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Brittany Carnevali is, and at all times relevant to the allegations in the complaint was, a Broward County, Florida resident.

5. Defendant Yardley Car Company is a Florida corporation headquartered in this District.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Massey Yardley is incorporated and headquartered here, and because Massey Yardley's unauthorized marketing scheme was directed by Defendant from and/or into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

8. Massey Yardley is a car dealership that sells Chrysler, Dodge, Jeep, Ram, FIAT, and other cars.

9. To increase its sales, Massley Yardley markets its cars using pre-recorded voice

message calls to consumers.[1]

10. This case arises from Massey Yardley's unsolicited pre-recorded voice message call to Plaintiff to market savings on a new car.

11. Massey Yardley does not attempt to obtain consent from consumers before calling them using pre-recorded voice messages regarding its cars. And that is precisely what happened to Plaintiff.

12. On November 14, 2018 at approximately 2:58 pm, Massey Yardley called Plaintiff from phone number 954-666-3951 using a pre-recorded voice message, without Plaintiff's consent. The pre-recorded voice message stated that it was from Steve Sivon of Massey Yardley and solicited Plaintiff's purchase of a new car.

13. Massey Yardley's unsolicited call was a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

14. On information and belief, Massey Yardley, or a third-party acting on its behalf, made unsolicited, pre-recorded voice message calls to thousands of consumers soliciting their purchase of new cars. To the extent the calls were made on Massey Yardley's behalf to consumers, Massey Yardley provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the making the calls in violation of the TCPA.

---

[1] There are numerous online reports of unreported prerecorded voice message calls from phone number 954-666-3951, which is the same phone number Massey Yardley used to make a pre-recorded voice message call to Plaintiff. *E.g.*, https://directory.youmail.com/directory/phone/9546663951; https://www.reportedcalls.com/9546663951.

3

15. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) received a pre-recorded voice message call, (2) made by or on behalf of Massey Yardley, (3) for the purpose of soliciting their purchase of goods and/or services, and for whom (4) Massey Yardley does not have consent or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent to call Plaintiff.

16. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

17. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

18. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

19. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

   b) Whether Defendant's calls were made for the purpose of marketing Defendant's products and/or services;

   c) Whether Defendant made some or all of the calls without the consent of Plaintiff and the Class; and

   d) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

20. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

21. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

22. **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 of this complaint and incorporates them by reference.

24. Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Class using a pre-recorded voice message.

25. Massey Yardley made these pre-recorded voice message calls *en masse* without the consent of Plaintiff and the other members of the Class.

26. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carnevali, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited pre-recorded voice message calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated: November 30, 2018.

By  */s/Avi R. Kaufman*
Avi R. Kaufman (Florida Bar no. 84382)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Counsel for Plaintiff Brittany Carnevali and all others similarly situated*