UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62908-CIV-DIMITROULEAS

BRITANY CARNEVALI,
individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.

YARDLEY CAR COMPANY,
a Florida corporation,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION DISMISS
(FOUNDED ON AGREEMENT TO ARBITRATE)**

THIS CAUSE is before the Court upon Defendant Yardley Car Company's Motion to Dismiss (Founded on agreement to arbitrate) [DE 6], filed on December 21, 2018 (the "Motion"). The Court has carefully considered the Motion, Plaintiff Brittany Carnevali's Response in Opposition [DE 7], Defendant's Reply [DE 8], Plaintiff's Surreply [DE 11], and is otherwise advised in the premises. For the reasons stated herein, the Court will grant the Motion.

**I.      BACKGROUND**

On November 30, 2018, Plaintiff commenced this action against Defendant for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). [DE 1]. Plaintiff alleges that Defendant violated the TCPA by making unsolicited sales calls to her using a pre-recorded voice message. *See id.*

Defendant now moves to enforce the arbitration agreement (the "Arbitration Agreement") set forth in paragraph H of the May 12, 2013 written contract to purchase a 2013 Jeep between

Plaintiff and Defendant, and to therefore dismiss this action in favor of arbitration. *See* [DE 6; 6-1]. The Arbitration Agreement states, in pertinent part:

> H. ARBITRATION: Dealer and Customer agree that any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained), including, but not limited to any matter that may have induced the Customer to enter into a relationship with Dealer (collectively referred to as "Claim"), as well as the validity of this provision, shall be submitted to final and binding arbitration in the county and state where Dealer is situated.
>
> 1. The Parties agree that any Claim shall be arbitrated by a single arbitrator on an individual basis and not as a class action. Customer expressly waives any right it may have to arbitrate a class action. Customer may choose one of the following arbitration organizations and its applicable rules; the National Arbitration Forum, Box 50131, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that the parties may choose subject to mutual approval. If the parties cannot agree, the Dealer shall choose. Customer can obtain a copy of the rules of these organizations by contacting the arbitration organization or visiting the website.
>
> 2. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The Arbitrator shall apply governing substantive law in making an award. The arbitrator's award shall be final and binding on all parties.
>
> 3. The arbitrator's fees and administrative fees, but not the filing fees, shall be divided evenly by the parties. Dealer shall advance your filing administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law.
>
> 4. The prevailing party shall be entitled to recover all Arbitration fees described in paragraph 3 above, as costs to the extent paid and/or due and owing from such party, and shall be entitled to enforce the award in a circuit court of competent jurisdiction.

5. This arbitration requirement shall not apply to: (a) any action by Dealer for repossession of the Vehicle (but it does apply to any counter-claim thereto except as otherwise provided in this paragraph); or (b) any action within the jurisdiction of the small claims court as set forth in Florida Rule of Court 7.010.

**CUSTOMER UNDERSTANDS AND AGREES: (1) THAT IF A DISPUTE IS ARBITRATED, CUSTOMER WILL GIVE UP THE RIGHT TO A TRIAL BY A COURT; (2) THAT IF A DISPUTE IS ARBITRATED, CUSTOMER WILL GIVE UP THE RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS CLAIM AGAINST DEALER, INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS; (3) DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT CUSTOMER AND DEALER WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION; (4) TO RESOLVE ALL DISPUTES WITH DEALER BY BINDING ARBITRATION RATHER THAN LITIGATION IN ANY COURT EXCEPT AS SPECIFICALLY SET FORTH ABOVE; AND (5) THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY, TO WAIVE ANY AND ALL RIGHT TO ANY TRIAL BY JURY FOR ANY CLAIM NOTWITHSTANDING THE ENFORCEABILITY OF THIS ARBITRATION PROVISION.**

6. Within thirty (30) days of the arbitrator's appointment, the arbitrator shall establish the procedure for the exchange of information bearing in mind the expedited nature of arbitration. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs.

7. Both parties retain any rights to self-help remedies, such as repossession. Neither party waives the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract.

8. This Agreement is subject to the Federal Arbitration Act, 9 U.S.C.A. §1, et. seq. To the extent that any part of this provision is ruled illegal or unenforceable by any finder of fact or law, so much hereof as is ruled illegal or unenforceable shall be deemed severed and the remaining provisions shall survive.

*See* [DE 6-1] at ¶ H (emphasis in original).

**II.     LEGAL STANDARD**

The Federal Arbitration Act ("FAA") places arbitration agreements on equal footing with all other contracts and reflects a "liberal federal policy favoring arbitration." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (internal quotations & citations omitted).  Section 2 of the FAA provides that written arbitration agreements in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "Consistent with the FAA's text, courts must rigorously enforce arbitration agreements according to their terms."  *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329–30 (11th Cir. 2014) (internal quotations & citations omitted).  Section 4 of the FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to request the court to order arbitration "in the manner provided for in such agreement."  9 U.S.C. § 4.  Section 3 mandates that when a court concludes an issue is "referable to arbitration under an agreement in writing for such arbitration" the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.

An arbitration agreement governed by the Federal Arbitration Act ("FAA"), like the Arbitration Agreement here, is presumed to be valid and enforceable. *See Palidino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998) ("The FAA creates a presumption in favor of arbitrability").  Furthermore, the party resisting arbitration bears the burden of showing that the Arbitration Agreement is invalid or does not encompass the claims at issue. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

### III.   DISCUSSION

Defendant moves to dismiss this case on the grounds that Plaintiff is required to arbitrate her claim pursuant to the Arbitration Agreement.  *See* [DE 6-1] at ¶ H.  Plaintiff argues in response that the TCPA claim at issue is not subject to arbitration.  However, as the Supreme Court recently ruled, even in instances where the argument in support of arbitrability is wholly groundless, the threshold issue of arbitrability nonetheless must be decided by the arbitrator, not the Court, if the contract delegates the arbitrability question to an arbitrator.  *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 2019 WL 122164 (U.S. Jan. 8, 2019).  Here, the Court finds that the language of the parties' contract compels the conclusion that the arbitrator must determine the threshold issue of arbitrability in this case.  The Arbitration Agreement provides for arbitration according to the American Arbitration Association ("AAA"), whose rules require the arbitrator to determine whether the arbitration agreement applies to a particular dispute.  The Court rejects Plaintiff's argument that the Arbitration Agreement would have also allowed her to select the National Arbitration Forum to resolve the parties' dispute, as Plaintiff concedes that none of that forum's rules possibly apply to Plaintiff's claim against Defendant.  Nor did the parties mutually approve an alternative arbitration organization. *See* [DE 6-1] at ¶ H(1).  Plaintiff must submit this claim to arbitration if she wishes to proceed.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Yardley Car Company's Motion to Dismiss (Founded on agreement to arbitrate) [DE 6] is **GRANTED**.

2. This case is **DISMISSED** in favor of arbitration**.** If Plaintiff wishes to pursue her claims pled herein against Defendant, she must proceed to final, binding arbitration pursuant to the terms of the Arbitration Agreement.

3. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of January, 2019.

*[Signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All counsel of record